**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

In the Matter of the Application of

KONOIKE CONSTRUCTION CO. LIMITED,
3-6-1, Kitakyuhojimachi, Chuo-Ku
Osaka 541-0057
Japan

    Plaintiff,

        v.

MINISTRY OF WORKS, TANZANIA,
PO Box 9423
11475
Dar es Salaam
Tanzania

TANZANIAN NATIONAL ROADS AGENCY,
PO Box 11364
Third Floor Airtel House
Ali Hassan Mwinyi / Kawawa Roads Junction
Dar es Salaam
Tanzania

MINISTRY OF TRANSPORT, TANZANIA,
PO Box 9423
11475
Dar es Salaam
Tanzania

and

ATTORNEY GENERAL OF THE UNITED
REPUBLIC OF TANZANIA
PO Box 9050
Dar es Salaam
Tanzania

    Defendants.

Civil Action No.
17-CV-_1986____

**PETITION TO CONFIRM ARBITRATION AWARD**

For its Petition, Plaintiff Konoike Construction Co. Limited ("Konoike" or "Plaintiff") states as follows:

## NATURE OF ACTION

1.     This is an action brought pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, to confirm and enforce a final foreign arbitration award and addendum thereto ("Final Award")[1] issued after a merits hearing in London by a tribunal constituted under the Rules of Arbitration (the "ICC Rules") of the International Chamber of Commerce's International Court of Arbitration ("ICC") in ICC Case No. 18806/ARP/MD/TO (the "Arbitration").  The Final Award was issued in favor of Konoike against Defendants the Ministry of Works (Tanzania), the Tanzanian National Roads Agency ("TANROADS"), the Ministry of Transport (Tanzania), and the Attorney General of the United Republic of Tanzania ("Tanzania AG") (collectively "Defendants").

2.     The Final Award awards contract damages, interest, and costs to Konoike, in excess of US $60 million.  It also requires Defendants to indemnify Konoike in respect of any value-added tax assessments or related interest, fines, or penalties.

## JURISDICTION AND VENUE

3.     This action arises under the New York Convention, as implemented by Chapter 2 of the FAA.  Accordingly, this Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

---

[1] The Final Award (including the addendum) is submitted as Exhibits 1 and 2 to the Declaration of Jared R. Butcher filed herewith.

4.      In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1330 because this action is a nonjury civil action against foreign states as defined in 28 U.S.C.

§ 1603(a) on a claim for relief *in personam* with respect to which the foreign states are not

entitled to immunity pursuant to 28 U.S.C. §§ 1605(a)(1) and 1605(a)(6).

5.      Defendants are subject to personal jurisdiction under 28 USC § 1330(b) because

they are foreign states and/or agencies or instrumentalities of a foreign state, as those terms are

defined in the Foreign Sovereign Immunities Act ("FSIA"), specifically 28 U.S.C. § 1603, and

service is governed by Section 1608 of the FSIA, 28 U.S.C. § 1608.

6.      Pursuant to 28 U.S.C. §§ 1605(a)(1) and 1605(a)(6), Defendants are not immune

from the jurisdiction of this Court because Defendants have waived sovereign immunity and/or

because this is an action to confirm an award made pursuant to an arbitral agreement and subject

to recognition and enforcement pursuant to a treaty to which the United States is a party, *i.e.*, the

New York Convention.

7.      Venue is appropriate in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C.

§ 1391(f).  At a minimum, venue is appropriate because this action involves foreign states and/or

political subdivisions thereof, as those terms are used in 28 U.S.C. § 1391(f)(4).

### THE PARTIES

8.      Plaintiff Konoike is a limited liability company incorporated under the laws of

Japan.  Konoike carries out business in the construction industry.

9.      Defendant Ministry of Works is a ministry of the Government of the United

Republic of Tanzania.

3

10.     Defendant TANROADS is an executive agency of the Government of the United Republic of Tanzania, established pursuant to section 3(1) of the Executive Agencies Act and operational since July 2000.

11.     Defendant Ministry of Transport is a ministry of the Government of the United Republic of Tanzania.

12.     Defendant Tanzania AG is the chief legal adviser to the government departments and ministries of the United Republic of Tanzania.

13.     Due to a restructuring by the Government of Tanzania of its ministries, Defendant Ministry of Transport and Defendant Ministry of Works have been merged to form the Ministry of Works, Transport, and Communications.  As part of the restructuring, these Defendants were relocated to 7 Samora Street, PO Box 9423, 1147, Dar es Salaam, Tanzania.

## BACKGROUND

14.     In a contract dated March 21, 2003 ("Contract"), Konoike and Defendant Ministry of Works agreed to terms for the design and construction of the upgrade of an approximately 79-mile stretch of road between the cities of Dodoma and Manyoni in Tanzania (the "Project").

15.     The Project originally was to be completed by September 2006.  However, a series of issues caused delays and resulted in the extension of the completion date to September 2008.

16.     An addendum to the Contract was executed on or about March 14, 2007. However, further disputes arose between March 2007 and December 2008, including further payment delays by Defendants.

17.     On or about December 2, 2008, Konoike gave notice of entitlement to terminate the Contract.  A series of meetings and negotiations ensued.  No resolution was reached, and Defendant TANROADS procured a replacement contractor and required Konoike to cease all further work.

18.     Thus, in May and June 2009, Konoike took steps to mitigate its losses and submitted an application for final payment.  At that point, Konoike had completed 92 percent of the work but had received only 71 percent of the payment due under the Contract.

## THE ARBITRATION

19.     The General Conditions to the Contract are attached as Exhibit 3 to the Declaration of Jared R. Butcher ("Butcher Decl.").  Sub-clause 20.6 of the General Conditions provides for arbitration of disputes as follows:

> "Unless settled amicably, any dispute in respect of which the DABs decision (if any) has not become final and binding shall be finally settled by international arbitration. Unless otherwise agreed by both Parties: The dispute shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce.  The dispute shall be settled by three arbitrators appointed in accordance with these Rules, and the arbitration shall be conducted in the language for communications defined in Sub-Clause 1.4 [Law and Language]."

20.     On April 3, 2012, Konoike notified Defendants of its intent to commence the Arbitration.

21.     On July 4, 2012, Konoike filed a Request for Arbitration with the ICC against the Defendants, alleging, among other claims, that Defendants breached the Contract with Konoike by withholding payments due to Konoike and by failing to compensate Konoike for certain delays and other disruptions to the Project.

22.     For its claims in the Arbitration, Konoike sought:  (i) balance of payments due, (ii) compensation for delays and disruptions, and (iii) various costs arising from termination of the Contract.

23.     The ICC arbitral tribunal was constituted in January and February 2013, and the ICC submitted the case file to the tribunal on February 26, 2013.

24.     On June 7, 2013, the parties and the tribunal executed the terms of reference.  *See* Butcher Decl. Ex. 4.  Among other things, the terms recorded the parties' agreement to arbitration and confirmed London as the seat of the arbitration.

25.     Throughout the Arbitration, Defendants were represented by counsel at Freshfields Bruckhaus Deringer US LLP in New York and at Crown Office Chambers in London.

26.     The Arbitration was conducted in accordance with the Contract (including the General Conditions), the terms of reference, the ICC rules, and applicable laws.

27.     Plaintiff and Defendants filed their respective submissions on the merits between May 2013 and September 2014.  Evidentiary hearings were held on various dates in November and December 2014 and January 2015 in London.  Thereafter, the tribunal extended the award deadline on a number of occasions and retained experts, with the consent of the parties, to assist with the calculation of the quantum of damages.

28.     On February 1, 2016, the ICC tribunal declared the proceedings closed.

## THE AWARD

29.     On February 10, 2016, the ICC tribunal issued the Final Award in Plaintiff's favor, awarding contract damages, interest, and certain indemnification rights.  *See* Butcher Decl. Ex. 1.

30.     On July 28, 2016, the ICC tribunal issued an Addendum to the Final Award for purposes of (i) correcting clerical errors, and (ii) making certain clarifications requested by Defendants.  Including these corrections and clarifications, the Final Award awards Plaintiff contract damages of TZS 20,714,401,234; USD 38,964,296; and JPY 324,734,551.  *See* Butcher Decl. Ex. 2 at 6 ¶19.  In total, Plaintiff was awarded a sum in excess of US $60 million.

31.     Consistent with Article IV of the New York Convention, Plaintiff includes herewith (i) a duly certified copy of the Final Award (including the addendum) as Exhibits 1 and 2 to the Butcher Declaration and (ii) a duly certified copy of the parties' arbitration agreement, which is reflected at sub-clause 20.6 of the General Conditions attached as Exhibit 3.

## COUNT I

## FOR CONFIRMATION OF ARBITRATION AWARD

32.     Plaintiff restates and incorporates all the foregoing paragraphs of the Petition as if set forth fully herein.

33.     The United States is a party to the New York Convention and is therefore obliged to recognize and enforce the Final Award as a binding judgment.

34.     The Final Award is a valid and final arbitration award pursuant to the New York Convention, as implemented by Chapter 2 of the FAA, 9 U.S.C. §§ 201-208.

35.     Confirmation of the Final Award is warranted under the New York Convention because:

(a)     the United States, the United Kingdom, and Tanzania are all signatories to the New York Convention;

(b)     the Final Award arises out of a legal and contractual relationship between Plaintiff and Defendants that is commercial in nature, *see* 9 U.S.C. § 202;

(c)      the Final Award is not entirely between citizens of the United States, as Plaintiff

is a citizen of Japan and Defendants are foreign states, *see id.*;

(d)      the Final Award in Plaintiff's favor was made fewer than three years prior to the

filing of this action, *see* 9 U.S.C. § 207; and

(e)      none of the grounds set forth in the New York Convention for refusal or deferral

of the recognition or enforcement of an arbitration award exists with respect to the Final Award.

*See id*; *see also* New York Convention art. V, §§ 1, 2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of

Plaintiff and against Defendants and issue an order as follows:

a.      Granting this Petition;

b.      Confirming the Final Award in favor of Plaintiff;

c.      Ordering that in accordance with the Final Award:

   i.      Defendants shall pay to Plaintiff all amounts owed to Plaintiff, as set forth in

   the Final Award and summarized in the Appendix A hereto, until the Final

   Award has been satisfied in full (*see* Butcher Decl. Ex. 2 at 6 ¶19);

   ii.      Defendants shall indemnify Plaintiff in respect of any final amount of VAT,

   after all appeals under the Tanzanian legal system have been exhausted, which

   the Tanzanian Revenue Authority seeks to recover on sums awarded in the

   underlying arbitration in excess of any VAT which Plaintiff has so far paid in

   respect of the Project or the Contract (*see* Butcher Decl. Ex. 1 at 282 ¶5).

   iii.      Defendants shall indemnify Plaintiff in respect of any interest, fines, penalties

   and/or other charges that may be imposed on Plaintiff in relation to VAT on

the Project or Contract, provided that any such interest, fines, penalties or other charges do not arise in whole or in part from any fault on the part of Plaintiff (*see* Butcher Decl. Ex. 1 at 282 ¶6).

    iv.    Defendants shall pay to Plaintiff its costs of TZS 677,864.82; USD 141,425.12; JPY 16,446,083.30; and GBP 7,435,908.79; and additional ICC costs in the amount of USD 534,220 (*see* Butcher Decl. Ex. 1 at 282-83 ¶7).

d.    Directing the Clerk of Court to enter judgment on the Final Award in favor of Plaintiff and against Defendants, in accordance with paragraphs (a) - (c) of this Order.

e.    Awarding Plaintiff its attorneys' fees and costs associated with this proceeding; and

f.    Ordering any other relief as the Court may deem appropriate.[2]

Dated:   Washington, DC            Respectfully submitted,
September 26, 2017

                                             /s/ Jared R.Butcher
                                    Steven K. Davidson (DC Bar 407137)
                                    Michael J. Baratz (DC Bar 480607)
                                    Jared R. Butcher (DC Bar 986287)
                                    STEPTOE & JOHNSON LLP
                                    1330 Connecticut Avenue, N.W.
                                    Washington, D.C. 20036
                                    Tel: (202) 429-3000
                                    Fax: (202) 429-3902

                                    *Counsel for Plaintiff*

---

[2] A proposed order is submitted herewith.

## APPENDIX A

### Reproduction of "Summary of Decisions" in Final Award

| Konoike's Claims | | Tribunal's Finding | | | |
|---|---|---|---|---|---|
| | Tsh | $ | Jpn Yen | GB£ | € |
| Agreed Measured Works | 54,700,521,479 | - | - | - | - |
| BQ Items | 24,525,941,007 | - | - | - | - |
| Variations | 146,485,337 | 29,717 | 4,427,950 | - | - |
| Price Escalation | 4,418,912,166 | 14,797,747 | - | - | - |
| Termination Costs | 1,139,914,510 | 1,123,217 | 66,877,983 | - | - |
| Other Issues | 146,944,949 | 483,426 | - | - | - |
| Prolongation | 1,218,933,712 | 407,652 | 239,270,787 | - | - |
| Disruption | 22,709,481 | 1,006 | - | - | - |
| Previous Arbitration Costs | (4,780,194) | (136,017) | - | (1,504) | (271,258) |
| Defendants' Counterclaim | - | - | - | - | - |
| **Total Sum Awarded to Konoike Excluding Interest** | **86,315,582,446** | **16,706,748** | **310,576,720** | **(1,504)** | **(271,258)** |
| Payment Ratio of Tanzanian Shillings to Foreign Currency | 24,994,300,482 | 78,783,472 | 310,576,720 | (1,504) | (271,258) |
| Less Amounts Paid | (12,708,778,462) | (46,820,981) | | | |
| **Net Sum Awarded Excluding Interest** | **12,285,522,019** | **31,962,491** | **310,576,720** | **(1,504)** | **(271,258)** |
| | | | | | |
| Interest on Sums Awarded from 4 July 2012 to 31 December 2015 | 6,644,517,997 | 810,622 | 14,157,831 | - | - |
| Interest on Addendum sums from 14 April 2007 to 31 December 2015 | 1,787,741,126 | 6,198,045 | - | - | - |

| Konoike's Claims | Tribunal's Finding | | | | |
|---|---|---|---|---|---|
| | **Tsh** | **$** | **Jpn Yen** | **GB£** | **€** |
| Interest on Previous Arbitration Costs Awarded to Defendants to 31 December 2015 | (3,379,909) | (6,862) | - | (164) | (25,694) |
| Interest on Net Sum Awarded | 8,428,879,215 | 7,001,805 | 14,157,831 | (164) | (25,694) |
| | | | | | |
| **Net Sum Awarded to Konoike including Interest** | **20,714,401,234** | **38,964,296** | **324,734,551** | **(1,668)** | **(296,952)** |
| | | | | | |
| **Daily Interest from 31 December 2015 to date of payment** | 5,721,479.86 | 690.59 | 11,104.18 | (0.06) | (9.07) |

SOURCE:  Addendum to Final Award, Butcher Decl. Ex. 2 at 5-6 ¶19.